ANNA O'BRIEN, RESPONDENT, v. WILLIAM STAIGER, APPELLANT.

Argued March 19, 1925—Decided May 18, 1925.

1. After a question has been fully answered without objection from opposing counsel, a motion to strike it out comes too late.
2. Testimony that no one had ever slipped or fallen before in any of the kitchens or apartments in the building where plaintiff had slipped and fallen—*Held*, incompetent.
3. Nonsuit urged on the ground that slipping and falling in a pool of water which had collected by leakage from a defective roof was not a natural and proximate result of failure to repair the roof—*Held*, properly denied.
4. Grounds of appeal must state the judicial action complained of with sufficient precision to apprise the court and opposing counsel of the injury complained of. If such action be an instruction to the jury, the language of the instruction should be given in the ground of appeal.

On appeal from the Supreme Court.

For the appellant, *Clarence L. Cole.*

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

PARKER, J.   The facts as claimed in the complaint are stated in the unofficial report in 1 *N. J. Mis. R.* 607, on motion to strike out the complaint. That motion was denied, the cause went to trial and the plaintiff had a verdict, which was reviewed on rule to show cause, reserving all exceptions. 2 *Id.* 994.   That rule was discharged and the case is now before this court on appeal based on the exceptions.

The main facts are stated in the unofficial reports, *supra,* but it may be as well to repeat them, as they are few and simple.   We adopt the statement in appellant's brief:

"Respondent was a tenant in appellant's apartment-house in Atlantic City.   The kitchen floor was covered with linoleum at the time of letting.   During the leased period respondent entered the kitchen, slipped and received an injury

for which she sued to recover damages. It is claimed that the roof leaked, the water percolated to the kitchen floor and caused respondent's fall. She recovered a judgment from which this appeal is taken.

"The allegation of negligence is that the roof was out of repair and was negligently repaired. The further claim is that the faulty roof was the proximate cause of respondent's slipping."

The action is, of course, based on the general rule of reserved control on the part of the landlord and the duty arising therefrom, as laid down in the class of cases of which *Siggins* v. *McGill, 72 N. J. L. 263,* is a type. Most of those cases relate to defects in common passageways or stairs, but it is not claimed that there should be any different rule in the case of a roof maintained by the landlord for the shelter and protection of all the tenants. The apartment rented to respondent happened to be on the top floor, and was thus peculiarily exposed to the drip from a leaky roof. We take up the points made in the order in which they are presented in appellant's brief.

1. Refusal to strike out testimony of the janitor that, after plaintiff called defendant on the telephone, at some time prior to the accident, he went on the roof to repair it. Counsel says "the testimony was harmful, because it permitted the jury to be impressed that appellant had complaints from respondent when there was no legitimate proof of them." It may be sufficient to say that no objection was made to the questions on this line, and there were several of them; and no motion to strike out was made until three questions had been asked and answered. Moreover, four or five more were asked and answered before counsel prayed an exception to the refusal to strike out. We should not be obliged to repeat the settled rule that such objections come too late. Besides, if there was error (which we do not concede), it was rendered harmless by subsequent testimony of plaintiff herself that she had notified defendant of the leaky roof before he came to repair it. This connected up the testimony and raised an issue of notice for the jury to consider.

2. That the court excluded testimony that no one had ever before slipped and fallen in any of the kitchens or apartments in that building. Apart from the generality of such testimony, which would make it incompetent as raising a multitude of irrelevant issues about other rooms and other apartments, it was specifically incompetent. *Temperance Hall Asso.* v. *Giles,* 33 *N. J. L.* 260; *Bobbink* v. *Erie Railroad Co.,* 75 *Id.* 913.

3. That the court erred in refusing to nonsuit and to direct a verdict for defendant on the ground that the alleged leaky roof was not the natural and proximate cause of the accident. The argument seems to be that the defendant could not be required to anticipate that, as a result of non-repair of the roof, water would drip down on a floor and someone would slip by walking into the puddle thus formed. We see no difficulty here; the jury might well say that water dripping from a leaky roof on oilcloth would be held there and form a puddle; that wet oilcloth is slippery; that it is meant to walk upon; that anyone walking on it is likely to slip and fall, and that these are facts of common knowledge of which the defendant was bound to take notice. See *Davenport* v. *McClellan,* 88 *N. J. L.* 653.

4. Contributory negligence of plaintiff. The argument is that she was negligent as a court question if she stepped on the wet spot knowing or believing it was there. She testified that she walked in a careful manner, and the court would have erred if it had held that as a court question she was bound to avoid the wet spot entirely. This whole matter was plainly for the jury.

5. No sufficient proof to go to the jury of negligence in management of the roof. We think there was ample evidence. The jury were entitled to find that the roof had been in bad order for a long time, and that no thorough repair had ever been made, but it had been patched up from time to time in a makeshift way after complaints of leakage.

6 (a). That the charge as to plaintiff's claim in the complaint of duty, and the violation thereof, was broader than the complaint. We have compared the two, and find the com-

plaint adequately supports the charge. There is no specification of any point in which the complaint fails so to support it.

6 (b). That the court left it to the jury to find future expenses, when there was no proof that would justify such finding. This is insufficient as a ground of appeal. *Lutlopp* v. *Heckmann,* 70 *N. J. L.* 272; *Hintz* v. *Roberts,* 98 *Id.* 768, 770. The language of the erroneous instruction should be given in the ground of appeal. See form 37 attached to Practice act of 1912, *Pamph. L., p.* 415, *ground* 7. Moreover, it does not fairly state the judicial instruction, which was to compensate "for the loss of earnings which, *from the testimony,* you find will reasonably be suffered by her in the future; * * * and I *think there is no testimony* that any future expenditures will be required, *but, if so,* such future expenditures *if the testimony warrants it,"* &c. This, of course, was a little indefinite, but amounted to an instruction that if there was any testimony of future expense (and the court thought there was none) it could be considered. This was not erroneous.

6 (c). Is stated but not argued. We are unable to detect any error therein.

6 (d). Refusal to charge the request that "plaintiff cannot recover upon any ground of negligence other than that charged in her written complaint." The request was correct, but it was fully covered in the charge.

6 (e). Refusal to charge request 5. This was also fully covered.

6 (f). Request 7 we have difficulty in understanding, but if we apprehend its purport it was adequately covered, the court saying, for example, "in this case, to find the defendant guilty, you must find that through his fault the thing that happened, the presence of the water and the occurrence, was something that naturally occurred in consequence of his failure to fix the roof in the performance of his duty. If it did not have such causal relation to his failure to fix that roof that it naturally and proximately resulted from that failure, then he is not held responsible for it."

6 (g). Request 13 was properly refused, as it amounted to a direction that if plaintiff knew the water was there, or likely to be there, and that she was likely to slip and fall because of it, there must be a verdict for defendant. This has already been treated under point 4.

6 (h). Refusal to charge request 15. This was charged in the exact language of the request and is the concluding sentence of the charge.

This disposes of all the points presented. The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—None.